AO 440 (Rev. 10/93) Summons in a Civil Action - SDNY WEB 4/99

# United States District Court

SOUTHERN DISTRICT OF NEW YORK

TONGLI SHIPPING CO. LTD.

**SUMMONS IN A CIVIL CASE**

V.

CASE NUMBER: 06-CV 13459

SEOUL MARINE SERVICE CO. LTD. and SMS INVESTMENT CO. S.A.

JUDGE MARRERO

TO: (Name and address of defendant)

SEOUL MARINE SERVICE CO. LTD. and SMS INVESTMENT CO. S.A.
Rm 1501 Jeil Bldg., 256-13, Gonduk-Dong, Mapo-Gu, Seoul, Korea 121-758

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

BLANK ROME, LLP
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
Attn: Jack A. Greenbaum

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

J. MICHAEL McMAHON

NOV 22 2006

CLERK                                                       DATE

(BY) DEPUTY CLERK

BLANK ROME, LLP
Attorneys for Plaintiff
TONGLI SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONGLI SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> SEOUL MARINE SERVICE CO. LTD. and SMS INVESTMENT CO. S.A., <br><br> Defendants. | 06 Civ. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, TONGLI SHIPPING CO. LTD.. ("Plaintiff"), by its attorneys Blank Rome, LLP, complaining of the above-named Defendants, SEOUL MARINE SERVICE CO. LTD. ("SEOUL MARINE") and SMS INVESTMENT CO. S.A. ("SMS" and, sometimes, collectively with SEOUL MARINE, "Defendants"), alleges upon information and belief as follows:

1. This is a case of admiralty and maritime jurisdiction, as hereinafter more fully appears, and is an admiralty or maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure. The Court has admiralty jurisdiction under 28 U.S.C. §1333.

2. At all material times, Plaintiff was and now is a foreign company with its offices in Yantai, P. R. China.

3. At all material times, SEOUL MARINE was a corporation or other business entity organized and existing under the laws of Korea or another foreign nation, with its offices

at Rm 1501 Jeil Bldg., 256-13, Gonduk-Dong, Mapo-Gu, Seoul, Korea 121-758, and no office or place of business in the United States.

4. At all material times, SMS was a corporation or other business entity organized and existing under the laws of Panama, with its office c/o SEOUL MARINE at the aforesaid address, and no office or place of business in the United States.

5. At all material times, SMS was the registered owner of the ocean going vessel M/V GLOBAL TIANJIN.

6. At all material times, SEOUL MARINE was the manager of the M/V GLOBAL TIANJIN on behalf of SMS.

7. By a charter party dated July 21, 2006 ("the Charter"), Plaintiff time-chartered the Vessel from SEOUL MARINE for one time-charter trip from Korea to Chinese or other Southeast Asian ports, and redelivery in the Hochimin/Singapore range.

8. In the course of performance of the Charter, Plaintiff over-paid hire and/or other charges in the amount of US$28,000, which SEOUL MARINE undertook to repay by October 31, 2006. However, said amount has not been repaid, despite due demand.

9. SEOUL MARINE entered into the charter party on its own behalf and/or as managing agent for SMS. Therefore, either SEOUL MARINE or SMS or both are liable to Plaintiff for the repayment of the overpayment of US$28,000, plus interest and costs.

10. Additionally, SEOUL MARINE, as managing agent for SMS, maintains custody and control of SMS' funds and originates and receives transfers of SMS' funds albeit in SEOUL MARINE's name.

11. The Charter provided for arbitration of disputes in Hong Kong. Plaintiff reserves it right to arbitrate the disputes, pursuant to 9 U.S.C. § 8.

12.   Maritime Arbitrators in Hong Kong award interest, legal fees and arbitral costs to a successful party.  Plaintiff estimates that interest recoverable costs exceed the principal amount of the claim.  Therefore, Plaintiff requests that Process of Maritime Attachment and Garnishment be issued for twice the principal amount of the claim, or **US$56,000**, pursuant to Rule E (5)(a)(i) of the Supplemental Rules for Certain Admiralty and Maritime Claims.

13.   Defendants cannot be found within this district within the meaning of Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, but Defendants are believed to have or will have during the pendency of this action, assets within this district consisting of cash, funds, freight, hire credits in the hands of garnishees in this District, including but not limited to electronic fund transfers.

**WHEREFORE**, Plaintiff prays:

A.   That process in due form of law issue against the Defendants, citing them to appear and answer under oath all and singular the matters alleged in the Complaint;

B.   That since the Defendants cannot be found within this District pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, this Court issue an Order directing the Clerk of Court to issue Process of Maritime Attachment and Garnishment pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims, attaching all of Defendants' tangible or intangible property or any other funds held by any garnishee in the district which are due and owing or otherwise the property of to the Defendant up to the amount of **$56,000** to secure the Plaintiff's claims, and that all persons claiming any interest in the same be cited to appear and pursuant to Supplemental Admiralty Rule B answer the matters alleged in the Complaint;

  C. That this Court retain jurisdiction over this matter through the entry of a judgment on the aforesaid arbitration award.

  D. That Plaintiff may have such other, further and different relief as may be just and proper.

Dated: New York, NY
   November 22, 2006

          Respectfully submitted,
          BLANK ROME, LLP
          Attorneys for Plaintiff
          TONGLI SHIPPING CO. LTD.

          By _____
            Jack A. Greenbaum (JG 0039)
          The Chrysler Building
          405 Lexington Ave.
          New York, NY 10174-0208
          (212) 885-5000

## VERIFICATION

STATE OF NEW YORK        )
                          : ss.:
COUNTY OF NEW YORK    )

Jack A. Greenbaum, being duly sworn, deposes and says:

1. I am a member of the bar of this Honorable Court and of the firm of Blank Rome LLP, attorneys for the Plaintiff.

2. I have read the foregoing Complaint and I believe the contents thereof are true.

3. The reason this Verification is made by deponent and not by Plaintiff is that Plaintiff is a foreign corporation, no officer or director of which is within this jurisdiction.

4. The sources of my information and belief are documents provided to me and statements made to me by representatives of the Plaintiff.

                                                                                         Jack A. Greenbaum

Sworn to before me this
22nd day of November 2006

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20___

311510.1
900200.00001/6500207v.1

5

BLANK ROME, LLP
Attorneys for Plaintiff
TONGLI SHIPPING CO. LTD.
Jack A. Greenbaum (JG 0039)
The Chrysler Building
405 Lexington Ave.
New York, NY 10174-0208
(212) 885-5000

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TONGLI SHIPPING CO. LTD., <br><br> Plaintiff, <br><br> -against- <br><br> SEOUL MARINE SERVICE CO. LTD. and SMS INVESTMENT CO. S.A., <br><br> Defendants. | 06 Civ. <br><br> **AFFIDAVIT UNDER** <br> **SUPPLEMENTAL RULE B** |

STATE OF NEW YORK    )
                     )   ss:
COUNTY OF NEW YORK   )

    JACK A. GREENBAUM, being duly sworn, deposes and says:

    1.    I am a member of the Bar of this Honorable Court and a member of the firm of Blank Rome, LLP, attorneys for the Plaintiff herein. I am familiar with the circumstances of the complaint and submit this affidavit in support of Plaintiff's request for the issuance of process of maritime attachment and garnishment of the property of defendants SEOUL MARINE SERVICE CO. LTD. and SMS INVESTMENT CO. S.A., ("Defendants"), foreign corporations, pursuant to Rule B of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure.

900200.00001/6500248v.1

2. Defendants are parties to a maritime contract of charter party and a maritime agreement to obtain the release of the chartered vessel from a third party's arrest to enable her to deliver the cargo on board pursuant to Plaintiff's charter party, and are foreign corporations with their offices in Korea, with no offices for the place of business within this judicial district.

3. Under my supervision, my office did a search of the New York State Secretary of State, Division of Corporations, the Transportation Tickler, telephone assistance, and a general internet search.

4. In our search, we did not find any listing or reference to Defendants in this judicial district or the state of New York. In the circumstances, I believe Defendants cannot be found within this district.

_____
JACK A. GREENBAUM

Sworn to before me this
22nd day of November, 2006

_____
Notary Public

ELAINE BONOWITZ
Notary Public, State of New York
No. 43-4893320
Qualified in Richmond County
Certificate Filed in New York County
Commission Expires May 11, 20__